USCA1 Opinion

 

 March 15, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2258 MELVIN A. BROWN, Plaintiff, Appellant, v. CHICOPEE FIRE FIGHTERS, LOCAL 1710, IAFF, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr and Stahl, Circuit Judges. ______________ ____________________ Melvin A. Brown on brief pro se. _______________ Marshall T. Moriarty, Craig D. Robinson, and Maskell & Moriarty, ____________________ _________________ __________________ on brief for appellees. ____________________ ____________________ Per Curiam. Melvin A. Brown appeals pro se from __________ ___ __ the district court's dismissal of his claims against the Trial Court of Massachusetts, District Court Department, Springfield Division, Small Claims Department and the Trial Court of Massachusetts, District Court Department, Small Claims Sessions, Chicopee Trial Court, state court defendants, for lack of subject matter jurisdiction, dismissal of his federal constitutional claims against Chicopee Fire Fighters Local 1710 (the "Union") as time- barred, and dismissal without prejudice of his state law claims against the Union. The district court dismissed appellant's claims in two thorough and well-reasoned opinions dated October 8, 1991 and September 17, 1992. We affirm based on those opinions. We add only the following comments. On appeal, Brown's central contention is that the district court mischaracterized his fair representation claim as a state law claim. The district court determined that the National Labor Relations Act did not apply to appellant, as a municipal employee, and that, therefore, the fair representation claim could only be brought pursuant to Mass. Gen. L. ch. 150E. Appellant argues, however, that by breaching its statutory obligation to provide fair representation, the Union violated his constitutional rights to due process of law. Therefore, he contends, the district court has jurisdiction over the claim. Furthermore, since the failure to represent is a "continuing event," continuing into the present time, appellant argues, the statute of limitations period has not yet begun to run, much less expired. Appellant has failed to state a federal claim with respect to his assertion that he was denied fair representation by the Union. Therefore, the district court did not err in dismissing his fair representation claim for lack of subject matter jurisdiction once it had dismissed all of appellant's federal claims. The Union's obligation to fairly represent appellant, if any, derives solely from state statutory law. As the district court stated in its September 17, 1991 Memorandum and Order: The rights of public employees in Massachusetts are governed by the Public Employee Collective Bargaining statute, Mass. Gen. L. ch. 150E. Under chapter 150E, public employees may initiate failure to represent actions with either the Massachusetts Labor Relations Commission or in the state court. See ___ Graham v. Quincy Food Serv. Employees _________________________________________ Ass'n, 407 Mass. 601 (1990); Leahy v. _____ _________ Local 1526, American Fed'n of State, _________________________________________ County & Mun. Employees, 399 Mass. 341 _________________________ (1987). There is no federal constitutional right to fair representation.1 Therefore, appellant has failed to state a ____________________ 1. As the district court correctly concluded, appellant, as a municipal employee, and the Union, as a municipal union, are excluded from the National Labor Relations Act, 29 U.S.C. 185(a), and therefore appellant does not have a federal statutory right to fair representation. -3- claim pursuant to 1983 of deprivation of a constitutional right by the Union's alleged breach of its obligation under state law to fairly represent him. "Mere alleged misuse or disregard of state law by state officials does not constitute a deprivation of property without constitutional due process of law." Malachowski v. City of Keene, 787 F.2d 704, 708 (1st ___________ _____________ Cir.) (citations omitted), cert. denied, 479 U.S. 1022 _____________ (1986). Thus, the district court did not err in dismissing appellant's fair representation claim as a state law claim. Because we find that appellant failed to state a federal claim, we need not decide when the statute of limitations begins to run on appellant's failure to represent claim. Affirmed. _________ -4- 4